**UNITED STATES DISTRICT COURT FOR THE _Northern_ DISTRICT OF FLORIDA**
**_Pensacola_ _____ DIVISION**

## CIVIL RIGHTS COMPLAINT FORM
### TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

> **PROVIDED TO**
> **SANTA ROSA C.I.**
>
> SEP 07 2009
>
> **FOR MAILING** _FH_
> INMATE INITIALS

_IVAN HARVEY_ ,

Inmate # _P29639_ .

(Enter full name of Plaintiff)

vs.

CASE NO: _3:09cv402/WS/MD_

(To be assigned by Clerk)

_Efiong O. Andem M.D. -in his personal capacity_
_DR. Lord Orthopedic Specialist - in his personal capacity_
_DR. Thayers M.D. in his personal capacity_
_C. Allin SR. HSA - in her personal capacity_
_DR. J. Aviles C.H.O. -in his personal capacity_

JURY TRIAL
DEMANDED

(Enter name and title of each Defendant.
If additional space is required, use the
blank area below and directly to the right.)

_M. Nichols ARNP - in her personal capacity_
_R.D. Collins M.D. C-H.O - in his personal capacity_

## ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

FF-4

I.    **PLAINTIFF:**

State your <u>full name</u>, inmate number (if applicable ), and full mailing address in the lines below.

Name of Plaintiff:    IvAn HARvEy

Inmate Number    P29639

Prison or Jail:    SAntA RosA C.I.

Mailing address:    5850 EAsT Milton Rd.

Milton, FloAiDA 32583

II.    **DEFENDANT(S):**

State the <u>name</u> of the Defendant in the first line, official position in the second line, place of
employment in the third line, and mailing address.   Do the same for **every** Defendant:

(1)    Defendant's name:    EFiony O. AnDEM

Official position:    MEDicAl Doctor - C.H.U.

Employed at:    HolmES C.I.

Mailing address:    3142 ThomAs DRivE

BonifAy, FloRiDA 32425

(2)    Defendant's name:    DR. LoRD

Official position:    ORthopEDic SpeciAlisT

Employed at:    RECEDtion E MEDicAl CEntER

Mailing address:    P.O. Box 628

LAkE ButlER, FloRiDA 32054

(3)    Defendant's name:    DR. ThAyERS

Official position:    MEDicAl Doctor

Employed at:    RECEptionz E MEDicAl CEntER

Mailing address:    P.O. Box 628

LAkE ButlER, FloRiDA 32054

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

(4) DEFENDANT's NAME: Cathy Allin
   official position: SR. HSA
   EMPLOYED AT : Union C.I.
   MAILING ADDRESS: 7819 N.W. 228th ST,
                    RAIFORD, FLORIDA 32026

(5) DEFENDANT's NAME: Julian Aviles
   Official position: MEDICAL Doctor - C.H.O,
   EMPLOYED AT : Union C.I.
   MAILING ADDRESS: 7819 N.W. 228th ST,
                    RAIFORD, FLORIDA 32026

(6) DEFENDANT's NAME: M. Nichols
   official position: : ARNP
   EMPLOYED AT : SANTA ROSA C.I.
   MAILING ADDRESS: 5850 EAST MILTON RD,
                    MILTON, FLORIDA 32583

(7) DEFENDANT's NAME: R.D. Collins
   official position: MEDICAL Doctor - C.H.O.
   EMPLOYED AT : SANTA ROSA C.I.
   MAILING ADDRESS: 5850 EAST MILTON RD,
                    MILTON FLORIDA 32583

NOTE: THE COURT WILL NOT REVIEW THE MERITS OF THE COMPLAINT UNLESS THE
FOLLOWING QUESTIONS HAVE BEEN ANSWERED REGARDING EXHAUSTION OF
ADMINISTRATIVE REMEDIES AND ANY PRIOR LAW SUITS THAT HAVE BEEN FILED.

III.   **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding
conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff
must submit copies of all grievances, appeals, and responses with this complaint to verify
exhaustion. Failure to demonstrate exhaustion may be grounds for dismissal.

A.   **DOES YOUR COMPLAINT CONCERN EVENTS OCCURRING WITHIN THE FLORIDA
DEPARTMENT OF CORRECTIONS?**

Yes(X)                    No(  )

[If your answer is NO, proceed to Question B. If your answer is YES, answer all
of the following questions in this subsection.]

1.   **Informal Grievance**

a.   Did you submit an informal grievance?

Yes(  )                   No(X)

❖ If so, you must attach a copy of the grievance and response; exhibit _____.

b.   If not, why? _Not NECESSARY for A MEDICAL/EMERGENCY GRIEVANCE._

2.   **Formal Grievance**

a.   Did you submit a formal grievance?

Yes(X)                    No(  )

❖ If so, you must attach a copy of the grievance and response; exhibit _A, B, E_

b.   If not, why? _____

3.   **Appeal to the Office of the Secretary**

a.   Did you submit an appeal to the Office of the Secretary?

Yes(X)                    No(  )

❖ If so, you must attach a copy of the appeal and response; exhibit _A-1, C, D_

b.   If not, why? _____

3

DEPARTMENT OF CORRECTIONS

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

TO: ☒ Warden ☐ Assistant Warden ☐ Secretary, Florida Department of Corrections

From: _HARVEY IVAN_ _P29639_ _Holmes C.I._
Last First Middle Initial Number Institution
_0805-107-029_

Part A – Inmate Grievance

_This is a formal grievance against the MEDICAL DEPT, ie DR ANDEM!_

_I was injured on April 29, 2008 and made my injuries known at that time to medical staff. I have been given no medication for the pain that I am in. X-Rays were taken and I haven't been informed of the results as of this date. I should not be made to suffer in pain like this with no relief. I've requested a cat scan and was told by Dr. Andem "that cost $5,000 and I'm not giving you one". However, certain injuries cannot be detected by X-Rays and therefore a CATSCAN or MRI is required to identify certain injuries such as a "facet joint fracture", in some cases. I've requested to see a specialist on more than one occasion and all of my requests have gone unanswered and ignored. I would like some medical attention for this problem! This Doctor seems to be more concerned with the cost of a procedure than the wellness and wellbeing of the patient!!!_

SEE ATTACHED RESPONSE

_5-26-08_
DATE

_Ivan Harvey P29639_
SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: ___ / ___
# Signature

INSTRUCTIONS

*Exhibit A*

**PART B - RESPONSE**

| HARVEY, IVAN | P29639 | 0805-107-029 | (107) HOLMES, C.I. | H2121S |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | GRIEVANCE INSTITUTION | HOUSING LOCATION |

Grievance Log#: 0805-107-029

Your complaint has been received and reviewed with the following findings:

I evaluated you on 4/4/2008 and prescribed Anaprox DS for 30 days with two refills.  X-Ray of your lumbar spine on 5/8/2008 was normal.  There remains no reason for a CT Scan or referral to a specialist.

Formal Grievance DENIED.

You have 15 calendar days from the date of this response in which to obtain further administrative review of your complaint by completing form DC1-303, providing all necessary attachments, and forwarding to the Bureau of Inmate Grievance Appeals, 2601 Blair Stone Road, Tallahassee, Florida 32399-2500.

EFIONG O. AIKEM, M.S.
CHIEF HEALTH OFFICER, M.D.
C.I.

6/5/08

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |
|---|---|---|

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

*Exhibit A-1*

DEPARTMENT OF CORRECTIONS

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

TO: ☐ Warden      ☐ Assistant Warden      ☑ Secretary, Florida Department of Corrections

From: <u>HARVEY   IVAN</u>          <u>P29639</u>          <u>Holmes C.I.</u>
     Last   First   Middle Initial          Number          Institution

---

Part A – Inmate Grievance

This is an appeal to grievance log # 0805-107-029

This Doctor makes reference to an evaluation and prescription that was rendered by him on 4-4-2008... My grievance is concerning injuries sustained on 4-29-08, 25 days AFTER this Doctors evaluation and prescription order. His evaluation of 4-4-08 has nothing to do with the incident that occured on 4-29-08 nor can the two be associated. The medication that was prescribed on 4-4-08 was not for the symptoms and pain from the incident that occured on 4-29-08 as this incident had not yet occured when it was prescribed on 4-4-08, 25 days beforehand. Some injuries cannot be detected by X-Ray therefore necessitating the need for a CT scan or MRI. The tests are required to identify certain injuries such as Lumbar facet joint fracture, Lumbar Disc herniation, Irregular contorus of the facet joints, and this is to name a few only. Also this test would help to determine if a patient has Lumbar radiculopathy. I deal with serious and extreme pain daily since this happened to me on 4-29-08 and have asked to see an Orthopedic Specialist on several occasions to no avail. I'm told to put in a sick call slip. Why am I going to or should I continue spending $4.00 to hear this Doctor Andem deny me adequate medical treatment? He has stated the reason that he won't order a CT scan is because it cost $5,000.00. He seems more worried about procedure cost than the welfare or well being of the patient!!!

6-18-08          Ivan Harvey P29639

This appeal was intercepted by prison officials and returned to me as is without a response. I don't believe it was ever sent to Tallahassee at all.

Ivan Harvey

---

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on:_____   Institutional Mailing Log #:_____   _____
         (Date)                                                                                    (Received By)

| DISTRIBUTION: | INSTITUTION/FACILITY | CENTRAL OFFICE |
|---|---|---|
| | INMATE (2 Copies) | INMATE |
| | INMATE'S FILE | INMATE'S FILE - INSTITUTION /FACILITY |
| | INSTITUTIONAL GRIEVANCE FILE | CENTRAL OFFICE INMATE FILE |
| | | CENTRAL OFFICE GRIEVANCE FILE |

DC1-303 (Revised 2/05)

*Exhibit B*

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

TO: ☒ Warden          ☐ Assistant Warden          ☐ Secretary, Florida Department of Corrections

From: _HARVEY IVAN_ _____ _P39639_ _____ _U.C.I._ _____

    Last    First    Middle Initial        Number        Institution

---

Part A – Inmate Grievance     0901-213-205

This is a MEDICAL GRIEVANCE 666

I was assaulted on April 29, 2008. As a result of this assault, I've been left without the ability to walk properly or at length requiring the use of a wheel chair. I was eventually referred to an orthopedic specialist who prescribed and ordered shots (needles) to be administered as treatment for my injuries. I have been denied this treatment. By the denial of this treatment, I am now put at risk for further injury which is significant as the lack of treatment can result in my not having the ability to walk properly again. Also the medical procedure that may become necessary to repair whatever further injury that may occur by the denial of the prescribed order of treatment by the specialist. This denial of treatment has caused, and continues to cause the unnecessary and wanton infliction of pain. This medical condition and injuries have significantly affected my daily activities and there is the existence of chronic and substantial pain daily. I am in need of the treatment that was prescribed and I want that treatment. To remedy this situation, it would be in the interest of all to administer to me, the prescribed order of treatment given by the specialist 666

**SEE ATTACHED RESPONSE**

_1-23-09_ _____
DATE

_Ivan Harvey P39639_ _____
SIGNATURE OF GRIEVANT AND D.C. #

---

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:** _____ / _____

                                                                            #              Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

**Receipt for Appeals Being Forwarded to Central Office**

Submitted by the inmate on: _____    Institutional Mailing Log #: _0901-213-205_ _____
        (Date)                                                                    (Received By)

| DISTRIBUTION: | INSTITUTION/FACILITY | CENTRAL OFFICE |
|---|---|---|
| | INMATE (2 Copies) | INMATE |
| | INMATE'S FILE | INMATE'S FILE - INSTITUTION /FACILITY |
| | INSTITUTIONAL GRIEVANCE FILE | CENTRAL OFFICE INMATE FILE |
| | | CENTRAL OFFICE GRIEVANCE FILE |

DC1-303 (Revised 2/05)

**PART B - RESPONSE**

| HARVEY, IVAN | P29639 | 0901-213-205 | UNION C.I. | N1101S |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Log #0901-213-205

Your request for Administrative Remedy or Appeal has been reviewed and evaluated.

Review of your medical records shows that the recommendation by Dr. Lord for spinal canal injections was denied by the QM advisor.

Based on the above information, your grievance is denied.

You may obtain further administrative review of your complaint by obtaining Form DC1-303, Request for Administrative Remedy or Appeal, completing the form, and providing attachments as required by Chapter 33-103 and forwarding your appeal to the Bureau of Inmate Grievance Appeals, 2601 Blair Stone Road, Tallahassee, Florida, 32399-2500, within 15 calendar days of this mailed response.

THIS DOCUMENT MAY CONTAIN CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR THE ADDRESSEE ONLY.  UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

J. Aviles, CHO                          S. T. Robinson, Assistant Warden

SIGNATURE AND TYPED OR PRINTED NAME    SIGNATURE OF WARDEN, ASST. WARDEN, OR    DATE
OF EMPLOYEE RESPONDING                  SECRETARY'S REPRESENTATIVE

COPY DISTRIBUTION -INSTITUTION / FACILITY     COPY DISTRIBUTION - CENTRAL OFFICE
(2 Copies) Inmate                             (1 Copy) Inmate
(1 Copy) Inmate's File                        (1 Copy) Inmate's File - Inst./Facility
(1 Copy) Retained by Official Responding      (1 Copy) C.O. Inmate File
                                              (1 Copy) Retained by Official Responding

**MAILED**

FEB 09 2009

UCI GRIEVANCE OFFICE

EXHIBIT C

FILED
WITH AGENCY CLERK

JAN 2 8 2009

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| HARVEY, IVAN | P29639 | 09-6-02534 | UNION C.I. | N1101S |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

This grievance is not accepted as a grievance of an emergency nature by Health Services, Central Office, Tallahassee.

Your request for administrative appeal is in non-compliance with the Rules of the Department of Corrections, Chapter 33-103, Inmate Grievance Procedure. The rule requires that you first submit your appeal at the appropriate level at the institution. You have not done so or you have not provided this office with a copy of that appeal, nor have you provided a valid or acceptable reason for not following the rules.

Upon receipt of this response, you are allowed an additional 15 days from the date this response was mailed (date stamped in upper left corner) to resubmit your grievance at your current location in compliance with Chapter 33-103, Inmate Grievance Procedure. Attach a copy of this response to your re-filed grievance.

Based on the foregoing information, your grievance is returned without action.

C. Greene

| | | 1/28/09 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

Exhibit C

Case 3:09-cv-00402-WS-MD  Document 1  Filed 09/09/09  Page 11 of 30

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

RECEIVED

JAN 26 2009

DEPARTMENT OF CORRECTIONS

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

TO: ☐ Warden    ☐ Assistant Warden    ☑ Secretary, Florida Department of Corrections

From: _HARVEY IVAN_ _____ _P29639_ _____ _U.C.I._ _____
　　Last　　First　　Middle Initial　　　Number　　　　Institution

---

_EMERGENCY GRIEVANCE_　　Part A – Inmate Grievance　　_09-6-02539_

I was assaulted on April 29, 2008. Eventually I was referred to the Orthopedic ~~Spec~~ Specialist because the assault has left me in a wheelchair. The Orthopedic Specialist ordered me to have some shots in my back to help heal my injuries. However, I was informed that another doctor, not a specialist, has denied me this order. I have been living in constant pain since I was assaulted and have been unable to walk or use my left leg properly. I would like to have the treatment ordered by the orthopedic specialist since he says it will alleviate my pain.

THIS IS AN EMERGENCY GRIEVANCE !!!!

---

_1-20-09_ _____
　　DATE

_Ivan Harvey P29639_ _____
SIGNATURE OF GRIEVANT AND D.C. #

---

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:** _____ / _____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　#　　　　Signature

### INSTRUCTIONS

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: _____　　Institutional Mailing Log #:_____ _____
　　　　　　　　　　(Date)　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(Received By)

| DISTRIBUTION: | INSTITUTION/FACILITY | CENTRAL OFFICE |
|---|---|---|
| | INMATE (2 Copies) | INMATE |
| | INMATE'S FILE | INMATE'S FILE - INSTITUTION/FACILITY |
| | INSTITUTIONAL GRIEVANCE FILE | CENTRAL OFFICE INMATE FILE |
| | | CENTRAL OFFICE GRIEVANCE FILE |

DC1-303 (Revised 2/05)

EXHIBIT D

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

TO: ☐ Warden   ☐ Assistant Warden   ☒ Secretary, Florida Department of Corrections

From: _HARVEY  IVAN_      _P29639_      _UCI   (N)_
   Last  First  Middle Initial    Number     Institution

---

Part A – Inmate Grievance    09-6-04848

I have been denied treatment, for my injuries, that was ordered by a specialist. There is no sound medical reason given for the denial of treatment. I will again make this very clear: I AM AND HAVE BEEN IN EXTREME PAIN AND I WANT THE ORDERED SPINAL CANAL INJECTIONS AS IT WILL HELP ME. Continued lack of treatment puts me at risk for further injury and, very well perhaps, a painful AND unnecessary procedure in the future to correct such further injury.

I NOW STATE THAT I WANT THE ORDERED INJECTIONS!!!

_2-11-09_
DATE

_Ivan Harvey P29639_
SIGNATURE OF GRIEVANT AND D.C. #

***BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:** ___/___
      #     Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: _2-11-09_    Institutional Mailing Log #: _115042_    _RW_
(Date)                            (Received By)

213

09-01-213-203

DISTRIBUTION:  INSTITUTION/FACILITY     CENTRAL OFFICE
          INMATE (2 Copies)        INMATE
          INMATE'S FILE         INMATE'S FILE - INSTITUTION /FACILITY
          INSTITUTIONAL GRIEVANCE FILE  CENTRAL OFFICE INMATE FILE
                          CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Revised 2/05)

MAILED / FILED
WITH AGENCY CLERK

MAR 2 5 2009

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| HARVEY, IVAN | P29639 | 09-6-04848 | SANTA ROSA C.I. | G2122S |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Appeal Denied:

Your request for administrative remedy was received at this office and it was carefully evaluated. Records available to this office were also reviewed. In addition, the institution was contacted and they provided this office with information regarding the issues you presented.

It is the responsibility of your Chief Health Officer to determine the appropriate treatment regimen for the condition you are experiencing.

Specialty consults are ordered by your Chief Health Officer when in his/her judgment a medical need is presented.

Should you experience problems, sick call is available so that you may present your concerns to your health care staff.

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY.
UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Pilar Tournay, IISC

SIGNATURE AND TYPED OR PRINTED NAME
OF EMPLOYEE RESPONDING

SIGNATURE OF WARDEN, ASST. WARDEN, OR
SECRETARY'S REPRESENTATIVE

3/23/09
DATE

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

*Exhibit C*

DEPARTMENT OF CORRECTIONS

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

**RECEIVED**

APR 09 2009

SANTA ROSA C.I.
GRIEVANCE COORDINATOR

TO: ☒ Warden ☐ Assistant Warden ☐ Secretary, Florida Department of Corrections

From: HARVEY IVAN    P29639    SANTA ROSA C I

   Last  First  Middle Initial    Number     Institution

Part A – Inmate Grievance    0904-119-102

This is a MEDICAL GRIEVANCE.

I have put in request slips to Dr. Collins on 3 different occasions AND only one has been answered but it was not answered by Dr. Collins. It was answered by the ARNP, and states that I've been EXAMINED and tested for my complaints which is a lie! I've NEVER been tested for DAMAGED or pinched NERVES! I EXPERIENCE pain daily and have made that known as well as the fact that the MEDICINE given is ineffective against the pain. I have been living with this pain for quite awhile and have been more than patient in waiting for some type of treatment to ALLEVIATE the pain which doesn't seem to be happening for me. If the MEDICAL staff at SANTA ROSA C I is unable or unwilling to give me treatment, then I'd like to go somewhere that I can obtain treatment! I should not have to live in pain daily like this AND I'd like something DONE about it. My request slips have gone ignored AND unanswered by Dr. Collins, therefore I'm left no choice but to file this grievance!

4-8-09
DATE

Ivan Harvey P29639
SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: ____ / ____

                                         #    Signature

INSTRUCTIONS

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

Receipt for Appeals Being Forwarded to Central Office

Medical

Submitted by the inmate on: _____ Institutional Mailing Log #: _____    07H
       (Date)                                         (Received By)

DISTRIBUTION:  INSTITUTION/FACILITY      CENTRAL OFFICE
                 INMATE (2 Copies)        INMATE
                 INMATE'S FILE          INMATE'S FILE - INSTITUTION/FACILITY
                 INSTITUTIONAL GRIEVANCE FILE    CENTRAL OFFICE INMATE FILE
                                           CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Revised 2/05)

*Exhibit C*

**PART B - RES**

HARVEY, IVAN     P29639     0904-119-102     · .:A ROSA C.I.     G2122S

     INMATE       NUMBER     GRIEVANCE LOG NUMBER     CURRENT INMATE LOCATION     HOUSING LOCATION

YOUR REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL HAS BEEN RECEIVED, REVIEWED AND EVALUATED.

IN YOUR REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL, YOU INDICATED THAT YOU ARE NOT BEING PROVIDED PROPER TREATMENT FOR BACK PAIN, YOU STATED YOU HAD NOT BEEN TESTED FOR DAMAGED OR PINCHED NERVES.

YOU WERE EXAMINED BY ARNP NICHOLS ON 03/03/09. SHE DOCUMENTED YOU DO NOT HAVE ANY MUSCLE LOSS IN YOUR LEGS MUSCLES. MUSCLE LOSS USUALLY OCCURS WITH NERVE DAMAGE. SHE ISSUED PASSES FOR LOW BUNK, CANE USES OUTSIDE OF CELL, FRONT CUFF AND NO WORK DUE TO YOUR BACK PROBLEM. A REVIEW OF YOUR REVEALED X-RAYS (BACK) LUMBAR AND PELVIS ON 07/30/08 WERE WITH IN NORMAL LIMITS; AN MRI ON 08/14/08 WOULD SHOW A PINCHED NERVE. IF YOU ARE STILL HAVING PROBLEMS RETURN TO SICK CALL AND BE REEVALUATED.

IN LIGHT OF THE ABOVE INFORMATION YOUR FORMAL GRIEVANCE IS DENIED.

TO RECEIVE FURTHER ADMINISTRATIVE REVIEW OF YOUR COMPLAINT, YOU MUST OBTAIN FORM DC1-303, REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL, COMPLETE THE FORM, PROVIDING ATTACHMENTS AS REQUIRED, AND SUBMIT THE FORM TO THE BUREAU OF INMATE GRIEVANCE APPEALS, 2601 BLAIR STONE ROAD, TALLAHASSEE, FLORIDA, WITHIN THE TIME FRAMES SPECIFIED IN CHAPTER 33-103.

THIS DOCUMENT MAY CONTAIN CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR THE ADDRESSEE ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

W. D. RUMMEL                       J. HAAS, AWP

W. D. RUMMEL, M.D.
REGIONAL HEALTH SERVICES
ASSISTIVE DIRECTOR

SIGNATURE AND TYPED OR PRINTED NAME     SIGNATURE OF WARDEN, ASST WARDEN, OR         DATE

OF EMPLOYEE RESPONDING             SECRETARY'S REPRESENTATIVE

*Grievance Mailed*

COPY DISTRIBUTION -INSTITUTION / FACILITY         COPY DISTRIBUTION - CENTRAL OFFICE     APR 2 ⅖ 2009

(2 Copies) Inmate                            (1 Copy) Inmate

(1 Copy) Inmate's File                           (1 Copy) Inmate's File - Inst./Facility     *Santa Rosa C. I.*

(1 Copy) Retained by Official Responding              (1 Copy) C.O. Inmate File

                                          (1 Copy) Retained by Official Responding

4.    **Disciplinary Actions**

a.    Did you have a disciplinary hearing concerning this matter?

Yes( )                    No(X)

❖  If so, you must attach a copy of the disciplinary report and disciplinary
    hearing team's findings and decision to this form; exhibit _____.

b.    Did you lose gaintime as a result of the disciplinary hearing?

Yes( )                    No(X)

c.    Has the gaintime since been restored?

Yes( )                    No(X)

B.    **DOES YOUR COMPLAINT CONCERN EVENTS OCCURRING WITHIN A COUNTY
      JAIL OR DETENTION CENTER?**

Yes( )                    No(X)

[If your answer is NO, proceed to Section IV of the complaint form.
If your answer is YES, answer the following questions.]

1.    Is there a grievance procedure at your institution or jail?

Yes( )                    No( )

[If your answer is NO, proceed to Section IV of the complaint form.  If your
answer is YES, answer all of the following questions in this subsection.]

2.    Did you submit a grievance concerning the facts relating to your complaint?

Yes( )                    No( )

3.    If your answer is YES:

a. What steps did you take? _____

b. What were the results? _____

❖ If so, you must attach a copy of the grievance and response; exhibit _____.

4.    If your answer is NO, explain why not: _____

_____

4

NOTE:  FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL
OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED,
THAT FACT MUST BE DISCLOSED AS WELL.

IV.   **PREVIOUS LAWSUITS**

A.   Have you initiated other actions in **state court** dealing with the same or similar
facts/issues involved in this action?
Yes(  )                    No(X )

1. Parties to previous action:
   a.   Plaintiff(s): _____
   b.   Defendant(s): _____
2. Name of judge: _____        Case #: _____
3. County and judicial circuit: _____
4. Name of judge: _____
5. Approximate filing date: _____
6. If not still pending, date of dismissal: _____
7. Reason for dismissal: _____
8. Facts and claims of case: _____
   _____

**(Attach additional pages as necessary to list state court cases.)**

B.   Have you initiated other actions in **federal court** dealing with the same or similar
facts/issues involved in this action?

Yes(X )                    No(  )

1. Parties to previous action:
   a.   Plaintiff(s): _IVAN  HARVEY_____
   b.   Defendant(s): _ART  TEAl_____
2. District and judicial division: _Northern District / Panama City Division_
3. Name of judge: _RH /AK_____        Case #: _5:08-cv-339_
4. Approximate filing date: _November 12, 2008_
5. If not still pending, date of dismissal: _Still pending_
6. Reason for dismissal: _____
7. Facts and claims of case: _Plaintiff Alleges staff Abuse / misuse_
   _of And EXCESSIVE force while plaintiff was in restraints._

**(Attach additional pages as necessary to list other federal court cases.)**

5

C.   Have you initiated other actions (besides those listed above in Questions (A) and
(B)) in **either state or federal court** that relate to the fact or manner of your
incarceration (including habeas corpus petitions) or the conditions of your
confinement (including civil rights complaints about any aspect of prison life,
whether it be general circumstances or a particular episode, and whether it
involved excessive force or some other wrong)?

Yes( X )                     No(   )

If YES, describe each action in the space provided below.  If more than one action,
describe all additional cases on a separate piece of paper, using the same format as
below.

1. Parties to previous action:
   a.  Plaintiff(s): _STATE of FLORIDA_
   b.  Defendant(s): _IVAN HARVEY_
2. District and judicial division: _First District /First Judicial Circuit_
3. Name of judge: _N. GEEKER_          Case #: _3599;4302;4303_
4. Approximate filing date: _5-17-07_
5. If not still pending, date of dismissal: _4-25-08_
6. Reason for dismissal: _SUMMARY DENIAL_
7. Facts and claims of case: _3.850 Motion for Postconviction Relief
   (please SEE ATTACHED pages)_

**(Attach additional pages as necessary to list cases.)**

D.   Have you ever had any actions in **federal court** dismissed as frivolous,
malicious, failing to state a claim, or prior to service?  If so, identify each and
every case so dismissed:

Yes(   )                     No( X )

1. Parties to previous action:
   a.  Plaintiff(s): _____
   b.  Defendant(s): _____
2. District and judicial division: _____
3. Name of judge: _____ Case Docket # _____
4. Approximate filing date: _____ Dismissal date: _____
5. Reason for dismissal: _____

**(Attach additional pages as necessary to list cases.)**

6

Page 6 section C cont.

The motion includes four (4) grounds of ineffective assistance of counsel; one (1) ground of ineffective assistance of counsel by judiciary acts; and one (1) ground of conflict of interest by investigating agency.

The first four (4) grounds, Defendant states that defense counsel failed to take neccesary depositions that would have raised reasonable doubt as to defendants guilt, nor did defense counsel investigate claim of being framed, by the defendant. Defense counsel also failed to notify Defendant there was a specific defense of "consent" that clearly was the case as Defendant showed that states witnesses were lieing in deposition testimony. Defendant showed Defense counsel these things by factual documents;

In the next ground, trial judge refused Defendants request for new counsel at a Nelson hearing, although Defendant showed justified cause for request by all legal standards of the Florida Bar Rules;

In the last ground, the investigating police officer on this case openly admitted to being friends for 15 yrs. with the family of key states witness where two members were slated to testify. This same officer knowingly withheld evidence about one of these states witnesses, that would have exonerated the Defendant.

1. Parties to previous action:
   A. Plaintiff (s): State of Florida
   B. Defendant (s): Ivan Harvey
2. District and Judicial Division: First District / District Court
                                       of Appeals
3. Name of Judge: unknown
4. Approximate filing date: 6-30-08
5. If not still pending, date of dismissal: 11-12-08
6. Reason for dismissal: Per Curiam Affirmed
7. Facts and claims of case: Appeal of summary denial

1. Parties to previous action:
   A. Plaintiff (s): Ivan Harvey
   B. Defendant (s): Florida Dept. of Corrections
2. District and Judicial Division: First District / Second Judicial
                                       Circuit
3. Name of Judge: John C. Cooper - Circuit Judge
4. Approximate filing date: July 21, 2008
5. If not still pending, date of dismissal: 11-7-08
6. Reason for dismissal: Court stated no Constitutional violation
7. Facts and claims of case: Petition for Writ of Mandamus:
Plaintiff was charged and found guilty of violating Chapter 33-
601.314 cite 1-4. Plaintiff appealed all the way to the
Central Office. Although there were no facts to support the
charged infraction, Plaintiff was still found guilty. As all
administrative remedies were exhausted, Plaintiff sought
Judicial intervention.

1. Parties to previous action:
   A. Plaintiff (s): Ivan Harvey
   B. Defendant (s): Florida Dept. of Corrections

2. District and Judicial Division: First District / Second
                                    Judicial Circuit
3. Name of Judge: John C. Cooper - Circuit Judge
4. Approximate filing Date: July 30, 2008
5. If not still pending, Date of Dismissal: 12-22-08
6. Reason for Dismissal: Court states no Constitutional violation
7. Facts and claims of case: Petition for Writ of Mandamus:
Plaintiff was charged and found guilty of violating Chapter
33-601.314 cite 1-7. Plaintiff was placed on close
management I (CMI) as a result of this charge. Plaintiff
appealed to the Central Office. With no supporting facts,
Plaintiff was still found guilty. No street charges were
ever filed against Plaintiff. After exhausting all adminis-
trative remedies to no avail, Plaintiff sought Judicial
intervention.

1. Parties to previous action:
   A. Plaintiff(s): Ivan Harvey
   B. Defendant(s): Florida Dept. of Corrections
2. District and Judicial Division: First District / District Court of Appeal
3. Name of Judge: Unknown
4. Approximate filing date: 1-15-09
5. If not still pending, Date of Dismissal: still pending
6. Reason for Dismissal:
7. Facts and claims of case: Petition for Writ of Certiorari

1. Parties to previous action:
   A. Plaintiff(s): Ivan Harvey
   B. Defendant(s): Walter A. McNeil
2. District and Judicial Division: Northern District / Pensacola Division
3. Name of Judge/Case No.: 3:09 cv 43/LAC/EMT
4. Approximate filing date: 2-6-09
5. If not still pending, Date of Dismissal: Still pending
6. Reason for Dismissal:
7. Facts and claims of case: Federal Habeas Corpus

6 - D

1. PARTIES to PREVIOUS ACTION :
   A. PlAINTiff(s) : STATE of FLORIDA
   B. DEFENDANT(s) : IVAN HARVEY
2. District AND JUDICIAL Division : First District/
   First JUDICIAL CIRCUIT
3. NAME of JUDGE : NickolAS GEEKER
   CASE NO. : 06-3599, 06-4302, 06-4303
4. APProximATE filing DATE : MARCH 10, 2009
5. If NOT still pending, DATE of DISMISSAL :
   Still pending
6. REASON for DISMISSAL :
7. FACTS AND ClAiMs of CASE : 3.850 post conviction
   RELIEF MOTION citing NEW EVIDENCE.

## V.   STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. Do not make any legal arguments or cite to any cases or statutes. You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. (If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)

1) On April 29 2008 while housed at Holmes C.I. in Bonifay Fla., I was the victim of an unprovoked attack by a correction officer while I was in restraints. I was unable to walk therefore I was dragged by security into the medical building to an exam room. I clearly stated my pain, injuries and the fact that I couldn't walk and the severe pain in my spine, to the medical person doing the exam. I was then put in a wheelchair and taken to confinement and my request (verbal) at that time to see Dr. Andem went ignored. Nothing was done for me medically.

2) I submitted a sick call slip that same day outliving my specific problems and pains. Dr. Andem still refused to see me. I requested to see a specialist (orthopedic) but was denied by Dr. Andem. On May 10, 2008 I submitted another sick call slip after laying in pain for 7 days. I was in so much pain in my spine, I couldn't get up to eat my food, and I again stated my pain in my back and requested that X-rays be taken. I again made a request to see a specialist and again Dr. Andem denied this request.

3) Finally, x-rays were taken on May 9, 2008 of my spine but Dr. Andem still would not give me any effective medicine for pain despite my many request, and continued complaints of pain. I requested again to see a specialist and that a CT scan be taken but Dr. Andem stated "a CT scan cost $5,000.00 and I'm not ordering one for you".

4) On May 26, 2008, I filed a formal grievance against Dr. Andem for refusing to provide me with any effective pain medication, not ordering a CT scan stating the cost of the procedure as a

7 - A

## V. STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. Do not make any legal arguments or cite to any cases or statutes. You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. (**If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.**)

REASON, AND DELAYing my visit to the orthopedic specialist
After NUMEROUS REQUESTS had been MADE. I was finally
forced to beg AND bARGAIN with DR. AndEm, in A REQUEST slip,
DATED June 9, 2008, before he Actually REFERRED ME to the
orthopedic specialist. This was NOW 41 DAYS AFTER I'd been
AssAuLTED! I didn't see the orthopedic specialist until
August 2008... 3½ months AFTER I was injuRED! DR. AndEm
ActED with DELiBERATE indifference by DENying ME any
EFFECTIVE pain mEDiciNE, if only to temporarily RElieve the
pAin; Also DENying procEDure stating cost as A REASON; lastly
for DELAying the visit to the orthopEDic specialist. I was
tRANsfERREID to Union C.I. in RAiforD, FlA, in late June 2008.
5) While housED at Union C.I. in RAiforD, FlA., I hAD A
mEDicAl callout in August 2008. This was my first visit to
RMC LAKE ButlER, FlA, to see DR. LORD the orthopEDic
spEcialist. I EXPRESSED my urgent NEED for AN EffECtive
pain mEDicAtion for the pAin in my spinE AND leg, howEVER, this
Doctor told ME he wouldn't give ME anything more than the
Naproxyn that I hAD. I tolD DR. LORD that the medicAtion
did Nothing for the pAin ANO I no longER took it for that
REASON AND I NEEDED somEthing ElSE that would effectively
stop or pull the pAin.
6) DR. LORD ORDERED AN MRI that DAy but REfusED still to
proviDE mE with Anything effective for the pAin while I
WAitED for the Approval of the MRI - approximately 4 oR
5 WEEKS latER. After having the MRI, I wAitED About

7 - B

3 OR 4 MORE WEEKS (October 2008) before I SAW DR.
LORD AGAIN with the results of my MRI. I AGAIN EXPRESSED
the pain I was in AND how extreme it was AND AGAIN
ASKED for medication that would relieve the pain in my
spine. AGAIN I was DENIED. The MRI reports showed
that I was suffering from foramina stenosis, NEUROFORA-
minA stenosis, bilateral foramina stenosis, multiple Disc
bulges, A Disc protrusion, AND A compressed NERUE root.
DR. LORD AGREED these ARE painful injuries AND ORDERED
A SERIES of three spinal canal injections. However, he
would still NOT prescribe any effective pain medicine
for me. After having been notified of EXTREME pain by
my self on each visit to his office, AND being made
fully AWARE of the specific AND exact injury, AND by
his own ADMission of it being painful, DR. LORD ACTED
with DELIBERATE indifference by refusing me any effective
pain medication.

7) I was taken back to Union C.I. to Await the APPROVAL
of DR. LORD's ORDER. In JANUARY 2009 (2½ months later),
I was told by Ms. RICKLES - N DORM wing NURSE where I
was housed At - that the ORDER by DR. LORD had been
DENIED by DR. THAYER. This was the third time that the
ORDER had been DENIED. I was told that DR. THAYER's title
is MEDICAL DOCTOR (M.D.) AND Not A specialist in the field of
orthopedics. DR. THAYER ACTED with DELIBERATE indifference
by going AGAINST AND DENYING the ORDER of the specialist, thus
DENYING me treatment.

8) On August 11, 2008 while housed At Union C.I. in RAiford,
Fla. I saw Dr. AVILES - C.H.O. for UNION C.I. in his office AND
he issued me A wheelchair pass (for Distances), A CANE PASS

7-C

## V.   STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how each  Defendant was involved and what each person did or did not do which gives rise to your claim.  In describing what happened, state the names of persons invoived, dates, and places.  Do not make any legal argum ents or cite to any cases or statutes. You must set forth separate factual allegations in separately numbered  paragraphs. You may make copies of this page if necessary to supply all the facts.  Barring extraordinary circumstances, no more than five (5) additional pages should be attached.  (If there are facts which are not re lated to this same basic incident or issue, they must be addressed in a separate civil rights compla int.)

for ambulation, AND A bACK brayce for support on my spine. I told Dr. Aviles that the Naproxyn MEDiCiNE wAS'nt working At all for the pain and he stated "I'm not giving you anything Else." On 9-1-08, 9-22-08, 10-27-08, AND 11-21-08 I submitted request to Dr. Aviles stating, daily AND extreme pain asking for some relief. Each time I was denied. On 1-29-09 I submitted a sick call to Dr. Aviles stating "continuous extreme pain" AND the fact that the medicine "does not work...," I was told by Nurse Bickles that I had to address those issues on a regular request form to the Dr. which I did on 2-2-09. Dr. Aviles never answered my request but instead Ms. Cathy Allin did, in the negative. Dr. Aviles acted with deliberate indifference towards my clearly stated pains by refusing me any effective pain medication.

9) Cathy Allin responded to my request on 2-2-09 stating that my medical record doesn't show any of the complaints at sick call. However, my medical record will show a sick call slip dated for 1-29-09 outlining these complaints to Dr. Aviles. Also my medical record has sick call slips dated for 4-29-08 AND 5-6-08 both of which outline pain in my back and leg. Not to mention the multiple AND numerous medical request. Cathy Allin acted with deliberate indifference towards plaintiff's pain since she knew or should have known that plaintiff had addressed these same issues in a sick call slip 4 days prior on 1-29-09 AND on several occasions before this time. I was trans- ferred to Santa Rosa C.I. on Feb 13, 2009.

10) After arriving at Santa Rosa C.I., I submitted a request slip to the C.H.O., Dr. Collins making reference to the extreme pain in my back and leg and making it clear that the medication given was totally ineffective. I also stated I believed I had damaged nerves and requested a test. Dr. Collins never responded, but rather, the ARNP M. Nichols did. The request was submitted on 3-3-09 after seeing the ARNP and her refusal to give me any effective pain medicine. She answered the request on 3-30-09 stating that I'd been examined and tested for my complaints and aspirin or tylenol was the treatment. The ARNP, did however, issue me a cane pass since I cannot put full pressure on my left leg, and in order to see the ARNP in the nurse's station that day, I was physically assisted, by security, supervised by a ranking officer.

11) I then filed a formal grievance on 4-8-2009 and it was denied stating that the ARNP examined me on 3-3-09 and I have no muscle loss in my legs which usually occurs with pinched nerves. If that were true, why did this ARNP give me a cane pass "outside" of my cell"? I would also note that I came to Santa Rosa C.I. with a cane pass from Union C.I. My MRI report from 8-14-08 clearly showed several disc bulges, disc protrusion, neuroforaminal stenosis and a compromised exiting nerve root. Layman's terms for a "compromised" nerve root is "pinched nerve" plain and simple, which equals extreme pain, and most often continual pain. This MRI report was in my medical file at the time I filed the request on 3-3-09 and the formal grievance on 4-8-09.

7-E

12) The C.H.O., Dr. Collins, and the ARNP, M. Nichols, being medical professionals knew or should have known the degree of pain I was in at the time of my request for effective medication. They should have known from professional training, or at the very least, through verbal communication made by myself to the ARNP on 3-3-09 as well as the request form and formal grievance. They both acted with deliberate indifference by not providing effective pain medication.

13) As of the date of this complaint it has been 16 months since I was injured, one year since my diagnosis and results from the MRI, and still I've had no treatment or effective pain medicine. I live in pain daily and oftentimes it's very arresting. The deliberate indifference of the named defendant's in this complaint, has caused and continues to cause the wanton and unnecessary infliction of pain on the plaintiff.

14) Plaintiff possessed a cane pass when he came to Santa Rosa C.I. He was issued a "cane outside of cell / front cuff pass" from Santa Rosa, on 3-3-09. This pass was taken away from plaintiff on 8-11-09 for no reason at all other than the fact it was retaliatory by the ARNP. Plaintiff deals and lives daily with what is known as radicular pain which is a direct result of the type of injuries that plaintiff has suffered. Plaintiff is housed in a handicap cell with wall bars and depends solely on the support of his cane outside of his cell. Without my cane I cannot shower which has, and will continue to subject me to disciplinary reports for failing to maintain personal hygiene. There's no sound medical reason or justification for the ARNP taking my cane away, and this

7-F

puts me At risk for further injury. This was A retaliatory Action by the ARNP for A grievance that I'd written on A NURSE AND on the ARNP.

7-G

## VI.    STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

My U.S. Constitutional 8th Amend. Right to be free from cruel and unusual punishment, the wanton and unnecessary infliction of pain, by way of deliberate indifference actions as alleged in facts 1 - 13 in section V of this complaint.

My U.S. Constitutional 1st Amend. right to re-dress a grievance without fear of retaliatory action for doing so as alleged in fact #14 in section V of this complaint.

## VII.    RELIEF REQUESTED:

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes.

I am seeking compensatory, nominal, and punitive damages as to all claims;

I am seeking injunctive relief for effective medication and the use of medical device (walking cane).

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

9-6-09
(Date)

(Signature of Plaintiff)

## IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): ☒ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on: the 6 day of September , 20 09 .

(Signature of Plaintiff)

Revised 07/02

8