IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IVAN HARVEY,
    Plaintiff,

vs.                                  Case No: 3:09cv402/WS/MD

EFIONG O. ANDEM, et al.,
    Defendants.

_____

## REPORT AND RECOMMENDATION

This cause is before the court upon plaintiff filing a Motion for Temporary Restraining Order and/or Preliminary Injunction (doc. 3) and supporting affidavit (doc. 4).

Plaintiff is an inmate of the Florida penal system currently confined at Santa Rosa Correctional Institution ("Santa Rosa CI"). He has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against various medical officials at Holmes Correctional Institution, Reception and Medical Center, Union Correctional Institution and Santa Rosa CI, claiming that since April of 2008 he has been denied adequate medical care for "pinched and/or damaged nerves" in his back which causes severe pain. (Doc. 4, pp. 1-2). Specifically with regard to the Santa Rosa CI defendants, plaintiff claims ARNP Nichols and Dr. Collins have denied him stronger pain medication despite his complaints that his prescribed Naproxyn is not effective. Plaintiff further complains that he was previously issued a medical pass allowing him to use a walking cane whenever he was outside his cell, but ARNP Nichols modified the pass on August 11, 2009 to allow plaintiff to use the cane only when he is outside his dorm. Plaintiff complains that because he is in segregation he cannot leave his dorm, and that as

a result of not having use of the cane to leave his cell, he is unable to walk to the shower or sick call within his dorm. (Docs. 3, 4). Plaintiff's motion for preliminary injunction seeks an order directing the Santa Rosa CI defendants to "provide effective pain medication and to return [plaintiff's] walking cane to him with a pass designating its use outside of his cell, with front cuff pass." (Doc. 3, p. 4).

The type of relief plaintiff seeks is an extraordinary remedy. *See California v. American Stores Co.,* 492 U.S. 1301, 110 S.Ct. 1, 106 L.Ed.2d 616 (1989). Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court. *Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.,* 112 F.3d 1125, 1126 (11th Cir. 1997) (citing *United States v. Lambert,* 695 F.2d 536, 539 (11th Cir. 1983)); *Johnson v. Radford,* 449 F.2d 115 (5th Cir. 1971). The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994); *All Care Nursing,* 887 F.2d at 1537; *United States v. State of Alabama,* 791 F.2d 1450, 1457 n. 9 (11th Cir. 1986). The standard for issuing a preliminary injunction, which is the same as is required for a temporary restraining order, is whether the movant has demonstrated the following prerequisites:

   1. There is a substantial likelihood that the movant will prevail on the merits;

   2. There exists a substantial threat that the movant will suffer irreparable injury if the injunction is not granted;

   3. The threatened injury to the movant outweighs the threatened harm injunction will do to the defendant; and

   4. The granting of the preliminary injunction will not disturb the public interest.

*CBS Broadcasting, Inc. v. Echostar Communications Corp.,* 265 F.3d 1193, 1200 (11th Cir. 2001); *Siegel v. LePore,* 234 F.3d 1163, 1176 (11th Cir. 2000); *Johnson v. United*

States Dep't of Agric.*, 734 F.2d 774 (11th Cir. 1984); *Canal Auth. of State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974). A preliminary injunction should not be granted "unless the movant clearly establishes the burden of persuasion as to the four requisites." *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted).

In the instant case, the court concludes that plaintiff has failed to state a *prima facie* case for preliminary injunctive relief. Plaintiff has not adequately shown any indication of *immediate, irreparable* harm. He states he has been suffering with his listed condition for quite some time and is receiving medical attention (including an MRI, pain medication, a cane), although not to the extent he believes necessary to completely alleviate his complaints. The motion and affidavit fall short of raising facts justifying the court's use of an extraordinary remedy which would necessarily interfere with the administration of medical care for state inmates. Plaintiff's allegations do not indicate there is a substantial threat that he will suffer irreparable injury if the injunction is not granted; that there is threatened injury to the plaintiff such that such injury outweighs the potential harm the injunction may do to the defendants; nor that the public interest will not be impaired if the injunction is granted.

Because plaintiff has failed to meet the prerequisites for injunctive relief, his request should be denied.

Accordingly, it is respectfully RECOMMENDED:

That plaintiff's motion for temporary restraining order and/or preliminary injunction (doc. 3) be DENIED.

At Pensacola, Florida, this 14th day of September, 2009.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 3:09cv402/WS/MD*

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**